COMPTON et al.

v.

Justice Tom NAYLOR et al.

Civ. A. Nos. 3–74–909–B and
3–74–1013–B.

United States District Court,
N. D. Texas,
Dallas Division.

March 10, 1975.

Carol M. Barger, Michael M. Daniel, Dallas Legal Services, Dallas, Tex., for plaintiffs.

John Tolle, Asst. Dist. Atty., for defendants Tom Naylor, and other Justices of the Peace, all Constables, and Sheriff Clarence Jones.

Max Flusche, Asst. State's Atty. Gen., for intervenor State of Texas.

Richard Johnson, Dallas, Tex., for intervenor CIMCO Management Co.

Before GOLDBERG, Circuit Judge, and HUGHES and PORTER, District Judges.

## OPINION OF THE COURT

### PER CURIAM:

This action is brought on behalf of all present and potential Forcible Entry and Detainer appellants who are or will be unable to obtain bond to perfect an appeal. It is an assault on the constitutionality of the application of those Texas Rules of Civil Procedure which regulate appeal from Justice Court decisions in Forcible Entry and Detainer (FED) actions. The application of Rules 749–751 [1] is alleged to result in a denial of due process and equal protection to both tenants and landlords who wish to appeal FED Justice Court decisions. The issue of constitutionality was severed from the remainder of the action and a three-judge court empaneled to decide the issue heard evidence and arguments from plaintiff and the State of Texas, intervenor.

The attack on the rules is two-pronged. First, the combined effect of automatic assessment of unlimited attorneys' fees on appeal against the losing party, Shotwell v. Crier, 216 S.W. 262

---

1. The rules at issue are as follows:

*Rule 749. May Appeal*

Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered by filing with the justice within five days after the rendition of said judgment a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him; and no motion for a new trial shall be necessary to authorize such appeal. Amended by order of Aug. 18, 1947, effective Dec. 31, 1947.

Source: Art. 3987, unchanged.

*Rule 750. Form of Appeal Bond*

The appeal bond made in the preceding article may be substantially as follows:

"The State of Texas,

"County of ————

"Whereas, upon a writ of forcible entry (or forcible detainer) in favor of A. B., and against C. D., tried before ————, a justice of the peace of ———— county, a judgment was rendered in favor of the said A. B. on the —— day of ————, A.D. ————, and against the said C. D., from which the said C. D. has appealed to the county court; now, therefore, the said C. D. and ———— his sureties, covenant that he will prosecute his said appeal with effect and pay all costs and damages which may be adjudged against him.

"Given under our hands this —— day of ————, A.D. ————."

Source: Art. 3988, unchanged.

*Rule 751. Transcript*

When such appeal bond is filed and approved, the justice shall stay all further proceedings on the judgment, and immediately make out a transcript of all the entries made on his docket of the proceedings had in the case; and he shall file the same, together with the original papers, with the clerk of the county court of the county in which the trial was had, or other court having jurisdiction of such appeal, within six days from the date of filing the appeal bond. The clerk shall docket the cause, and the trial shall be de novo, and shall be entitled to precedence in the county court.

Source: Art. 3989.

*Rule 752. Damages*

On the trial of the cause in the county court the appellant or appellee shall be permitted to plead and prove his damages if any suffered for withholding or defending possession of the premises during the pendency of the appeal and also all necessary and reasonable expenses incurred in prosecuting or defending the cause in the county court; provided that only the party prevailing in the county court shall be entitled to recover against the adverse party such damages, expenses, and costs. He shall also be entitled to recover against the sureties on the appeal bond in cases where the adverse party has executed such bond. As amended by order of June 16, 1943, effective December 31, 1943.

Source: Art. 3990, unchanged; except that by amendment effective December 31, 1943, the rule is made to extend, in a proper case, to appellant as well as to appellee; and other relevant changes have been made.

(Tex.Civ.App.1919), and the possibility of unlimited damages and costs being levied at the appeal level result in making the bond virtually unobtainable for the vast majority of appellants. Second, an affidavit of inability to pay cannot be filed so as to allow an appeal to proceed without payment of costs, Vinson v. McPherson, 54 S.W. 829 (Tex.Civ.App. —Amar.1932), even though such an affidavit is allowed in all other appeals from Justice Court to County Court under Rule 572, Texas Rules of Civil Procedure.

Plaintiffs claim that these factors make it impossible for appellants in FED cases to appeal unless some extraordinary cash or property can be used for the bond. First, the manner in which the bond operates to preclude some, if not most, FED appellants from exercising the statutorily declared right of appeal is alleged to be a denial of due process in that it arbitrarily forecloses the opportunity to be heard on appeal. Second, the discrimination which results to a portion of the class of all FED appellants, those with not enough resources to put up cash or property is alleged to be a denial of equal protection. Third, disallowance of in forma pauperis appeal is alleged to discriminate against FED appellants who cannot afford the bond as a class, since all other appellants from Justice Court can appeal in forma pauperis.

For the reasons set out below, the court agrees that the effects of statewide application of Rules 749–752, Texas Rules of Civil Procedure, are unconstitutional.

■ Since the rules as applied are being attacked, and the result of the applicaton is directly attributable to reasonable interpretations given to the rules, this matter is properly before a three-judge court for consideration. Turner v. Fouche, 396 U.S. 346, 353 n. 10, 90 S.Ct. 532, 24 L.Ed.2d 567; Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249 (1939). To form a framework for the review, it is necessary to look to the effect of the application of the rules, and measure the results against constitutional standards.

■ Evidence presented in the case sufficiently demonstrated that because of the very tenets of Rule 752, which allow all proven costs and damages, as well as attorneys' fees of an unlimited nature, to be awarded on appeal, and because of the unlimited jurisdictional amounts in County Court on cases which are tried there de novo, bonding companies will not give an appeal bond in an FED case. The giving of such a bond could lead to unlimited liability, a situation in which few, if any, businessmen would wish to become involved. Without such a bond, or without the right to appeal in forma pauperis, a potential FED appellant finds himself completely cut off from the opportunity to take advantage of the statutorily created right to appeal.

The court looks to the findings and standards of Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972) in order to find a constitutional yardstick for this case. In *Lindsey*, the court held unconstitutional a bond which had to be put up by a losing tenant in order to allow him to appeal in FED cases. That bond was in the amount of twice the rent accruing from the commencement of the action to the final judgment, and was automatically awarded to the landlord if the tenant lost the appeal. It was held to be constitutionally untenable because it was unrelated to actual damages and was a heavy burden on the right to appeal for both the indigent and non-indigent appellant. The tenant appellant had to put up a bond which was not tailored to meet any state purpose, and consequently it was not allowed to stand.

The Texas bond is not only not tailored to fit any state purpose, but rather seems to have been structured for the purpose of cutting off appeals. It is decidedly more limitless and less subject to precision than the bond in *Lindsey*, and is an even heavier burden on poten-

tial appellants. A fortiori, the provision for the bond is unconstitutional. This situation, surely unintended when the Rules at issue were written, would have to be considered unreasonable under even the loosest standard of scrutiny.

■ Procedural due process is fulfilled by an opportunity to be heard in an initial hearing which is fair and not unreasonably burdened. Lindsey v. Normet, at 77, 92 S.Ct. 862; Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956). The impositon of reasonable filing fees on the right to be heard has been held constitutionally permissible even where the hearing is an initial one so long as no basic right is involved. United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed. 2d 626 (1973); Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The state may provide reasonable procedures to safeguard property which is the subject of litigation in any court proceeding, so long as the rules are reasonably tailored to fit the ends desired, and the rules are uniform and nondiscriminatory in their application. Lindsey v. Normet, *supra*, 405 U.S. at 78, 92 S.Ct. 862. There are no requirements that the state even provide a means of appeal in order to meet the demands of due process. National Union of Marine Cooks v. Arnold, 348 U.S. 37, 75 S.Ct. 92, 99 L.Ed. 46 (1954).

However, where the state provides a means of appeal, which this court fully recognizes as a privilege, it cannot then turn around and put limitations on it which are discriminatory, arbitrary, and totally unrelated to any possible state purpose. No reasonably assessed fee which is related to a proper purpose is involved here, as it was in Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). Rather, the appeal process is burdened by unreasonable requirements for bond caused by the failure of the Justice Court to set any amount at all on the bond for appeal purposes. The infirmity is not in the refusal to allow FED appellants to appeal in forma pauperis. Ortwein v. Schwab, at 661, 93 S.Ct. 1172; Lindsey v. Normet, supra, 405 U.S. at 72–73, 92 S.Ct. 862. It is rather in the failure to reasonably tailor the procedures to uniformly and nondiscriminatorily achieve the desired end of providing security on appeal. The result is an insurmountable barrier for most appellants, and this barrier cannot be allowed to stand in the way of litigation.

■ Pursuant to the opinion entered on this date in this case, the rules regulating appeals in FED cases are hereby held to be unconstitutional, but the application of this ruling is stayed for six months in order that the rule making body of the State of Texas for civil judicial proceedings, the Supreme Court, pursuant to Art. 1731a sec. 2, Vernon's Ann.Tex.Civ.St. (1962), shall have six months from the date of entry of this judgment to revise Rules 749–752 in accordance with constitutional requirements. This court retains jurisdiction of the cause and will take any action necessary at the end of the six month period to achieve constitutional conformity for the appeal process in Forcible Entry and Detainer cases.