617 P.2d 791

**Dennis BLAIR, Plaintiff–Appellee,**

**v.**

**Alfred STUMP, Justice of the Peace, Tolleson Precinct Justice Court, County of Maricopa, State of Arizona; and Edward Bukowiecki, Defendants–Appellants.**

**No. 1 CA–CIV 4962.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 16, 1980.

---

Albert H. Duncan, Community Legal Services, Phoenix, for plaintiff–appellee.

Charles F. Hyder, Maricopa County Atty. by John R. Mayfield, Deputy County Atty., Phoenix, for defendant–appellant Alfred Stump.

Edward Bukowiecki, in Pro. Per.

## OPINION

O'CONNOR, Judge.

This is an appeal by Alfred Stump, Justice of the Peace, Tolleson Precinct Justice Court, from the judgment entered by the Superior Court of Maricopa County in a special action brought by appellee, Dennis Blair, seeking to prohibit appellant from issuing a writ of restitution of certain leased premises in a forcible entry and detainer case in the justice court and to declare A.R.S. § 12–1179 unconstitutional. A.R.S. § 12–1179 is the appeal bond statute for forcible entry and detainer cases in justice courts. The Superior Court of Maricopa County accepted jurisdiction of the special action, held A.R.S. § 12–1179 unconstitutional, and ordered appellant, Alfred Stump, to grant appellee's motion to waive filing of the appeal bond and to transmit the record from the justice court to the superior court for the appeal.

This court has jurisdiction pursuant to A.R.S. § 12–2101(B). Appellant is an aggrieved party for purposes of appeal.

*Frazier v. Terrill*, 65 Ariz. 131, 175 P.2d 438 (1946). *But see McCloskey v. Renfro*, 47 Ariz. 534, 57 P.2d 1140 (1936) (holding that a justice of the peace is not an aggrieved party for purposes of an appeal from a superior court order of certiorari quashing a defective judgment in a civil case).

The issue on appeal is whether the appeal bond requirement of A.R.S. § 12–1179 violates the equal protection clause of the fourteenth amendment of the United States Constitution, and of art. 2, § 13 of the Arizona Constitution.

Appellee, Dennis Blair, was a tenant on a month–to–month lease of a dwelling owned by Edward Bukowiecki, the lessor. Mr. Bukowiecki filed a forcible entry and detainer action against appellee in the Tolleson Precinct Justice Court to regain possession of the leased premises for non–payment of rent. Appellee answered, the matter was tried, and judgment was entered by appellant, Alfred Stump, the Justice of the Peace, in favor of the lessor, Mr. Bukowiecki. A writ of restitution of the premises was ordered. Appellee, Blair, then filed a notice of appeal to the Superior Court of Maricopa County, together with a motion to waive the appeal bond required by A.R.S. § 12–1179 based on Mr. Blair's affidavit of indigency. Appellant, Stump, denied the motion to waive the filing of the appeal bond. Appellee, Blair, then filed his petition for special action to declare A.R.S. § 12–1179 unconstitutional and to prohibit appellant, Stump, from issuing a writ of restitution of the premises. Following the entry of judgment in favor of appellee, Blair, by the Superior Court of Maricopa County in the special action, appellant, Stump, filed a notice of appeal. Mr. Bukowiecki has since joined in the appeal, and has filed a waiver of service of pleadings in the appeal, and a waiver of oral argument.

Justice courts have concurrent jurisdiction with the superior court in cases of forcible entry and detainer where the rental value of the property does not exceed $500.00 per month and where the damages are less than $1,000.00. A.R.S. § 22–201(C). Concerning an appeal from the justice court to the superior court in a forcible entry and detainer case, A.R.S. § 12–1179 provides in part:

A. Either party may appeal from a justice of the peace to the superior court of the county in which the judgment is given by giving notice as in other civil actions and filing with the justice within five days after rendition of the judgment a bond in an amount equal to double the yearly value or rental of the premises in dispute, with sureties to be approved by the justice of the peace, payable to the adverse party and conditioned that he will prosecute the appeal to effect and pay all costs and damages which may be adjudged against him.

B. The yearly value or rental of the premises in dispute shall be determined by the justice of the peace for the purpose of fixing the amount of the bond.

In contrast, appeals from judgments in forcible entry and detainer cases obtained in superior court require merely the filing of "a bond in an amount fixed and approved by the court, conditioned that appellant will prosecute the appeal to affect and will pay the rental value of the premises pending the appeal and all damages, costs, and rent adjudged against him." A.R.S. § 12–1182(B).

Appeals from civil judgments in justice courts, other than forcible entry and detainer judgments, require merely the filing of "a bond, which shall be approved by the justice, in an amount equal to the judgment and accrued costs." A.R.S. § 22–262(A).

█ The test to be applied in determining whether a particular statute violates the equal protection clause of the fourteenth amendment is whether the purpose of the statute is constitutionally permissible and whether the classification in question is rationally related to that purpose, and is uniformly and nondiscriminatorily applied. *Lindsey v. Normet*, 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972).

Appellant urges that the valid state objectives of the requirement of A.R.S. § 12–1179 for a bond in double the amount of the

annual rent are to guarantee that rent will be paid pending appeal by a tenant, to discourage frivolous appeals, and to compensate the appellee for waste or damages for any unlawful holding over of the premises. Appellant argues that the requirement of the appeal bond in double the amount of the annual rent is reasonably calculated to achieve the valid objectives.

In *Lindsey*, the United States Supreme Court held unconstitutional an Oregon forcible entry and detainer statute which required the appellant to file, in addition to other appeal bonds, an undertaking with two sureties of twice the rental value of the premises from the commencement of the action until final judgment. O.R.S. § 105.-160. The Court stated:

> While a State may properly take steps to insure that an appellant post adequate security before an appeal to preserve the property at issue, to guard a damage award already made, or to insure a landlord against loss of rent if the tenant remains in possession, *the double–bond requirement here does not effectuate these purposes since it is unrelated to actual rent accrued or to specific damage sustained by the landlord.*
>
> \*     \*     \*     \*     \*     \*
>
> In the case before us, however, the State has not sought to protect a damage award or property an appellee is rightfully entitled to because of a lower court judgment. Instead, it has automatically doubled the stakes when a tenant seeks to appeal an adverse judgment in an FED action. The discrimination against the poor, who could pay their rent pending an appeal but cannot post the double bond, is particularly obvious. For them, as a practical matter, appeal is foreclosed, no matter how meritorious their case may be. The nonindigent FED appellant also is confronted by a substantial barrier to appeal faced by no other civil litigant in Oregon. The discrimination against the class of FED appellants is arbitrary and irrational, and the double–bond requirement of ORS § 105.160 violates the Equal Protection Clause.

405 U.S. at 77–79, 92 S.Ct. at 876–77, 31 L.Ed.2d at 53–54. (emphasis added). The Court found that the double bond was not necessary to guarantee the payment of rent pending appeal or to protect against waste since a bond for the actual rent accrued, damages, and costs would be sufficient, and a cause of action for back rent was available to the landlord. Furthermore, a double bond requirement to screen out frivolous appeals is "unpersuasive" since "it not only bars nonfrivolous appeals by those who are unable to post the bond but also allows meritless appeals by others who can afford the bond." 405 U.S. at 78, 92 S.Ct. at 876, 31 L.Ed.2d at 53.

We find that the appeal bond requirement of A.R.S. § 12–1179 is invalid for similar reasons. Tenants appealing from judgments against them in forcible entry and detainer cases filed originally by the lessor in superior court need merely to post bond in an amount which will cover the rental value of the premises pending the appeal, and all damages and costs. The bond in such cases is not determined by twice the amount of the annual rent. On the other hand, tenants against whom a forcible entry and detainer action is filed in justice court, and who appeal from a judgment against them, must post a surety bond of twice the annual rent as determined by the trial court. Unlike the Oregon statute considered in *Lindsey*, the Arizona statute does not result in an automatic forfeiture of the entire bond if the justice court decision is affirmed. Nevertheless, the statutory scheme clearly discriminates on its face against those tenants who appeal from justice court judgments and orders in forcible entry and detainer cases. Moreover, as in *Lindsey*, the double bond requirement of A.R.S. § 12–1179 is unrelated to the actual rent accruing or to the specific damage sustained by the landlord when the judgment is appealed. Also, the double bond requirement may screen out some frivolous appeals, but it prevents nonfrivolous appeals by those who are unable to post the bond, while allowing other meritless appeals by those who can afford the bond. A.R.S.

§ 12–1179 discriminates on its face against both indigent and nonindigent appellants from justice court forcible entry and detainer judgments. The discrimination is arbitrary and irrational, and violates the equal protection clause of the fourteenth amendment of the United States Constitution and of art. 2, § 13 of the Arizona Constitution.

The *Lindsey* case was followed in *O'Day v. George Arakelian Farms, Inc.*, 536 F.2d 856 (9th Cir. 1976), which held unconstitutional a provision of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499g(c). The invalid provision required posting of a bond in double the amount of the damage award to perfect an appeal to the federal district court from an administrative award. The opinion states:

> As applied to the appellant in this case, double bond requirement is not reasonably or rationally related to a legitimate governmental purpose and constitutes an effective bar to appeal. It therefore arbitrarily denies appellant and similarly situated litigants the statutory right to appeal.
>
> The stated purpose of the double bond requirement was "to discourage frivolous appeals taken for the purpose of delaying payment and thereby tending to defeat the purpose of the act." House Report No. 915, 75th Cong., 1st Sess., at 3 (1937). As noted, *Lindsey*, expressly held that there is no rational relation between this admittedly legitimate purpose and a double bond requirement. .

536 F.2d at 859–60.

The *Lindsey* case was also followed and applied by the District Court for the Northern District of Texas in *Compton v. Naylor*, 392 F.Supp. 575 (N.D.Tex.1975). The court in *Compton* held unconstitutional three Texas rules governing appeals from justice court judgments in forcible entry and detainer actions.[1] The combined effect of the rules, which allowed the automatic assessment of unlimited attorneys' fees on appeal

and the possibility of unlimited damages and costs being levied at the appeal level, made obtaining a bond impossible for most appellants. Also the affidavit of inability to pay could not be filed so as to allow an appeal to proceed without payment of costs even though such an affidavit was allowed in all other appeals. The court in *Compton* stated:

> The Texas bond is not only not tailored to fit any state purpose, but rather seems to have been structured for the purpose of cutting off appeals. It is decidedly more limitless and less subject to precision than the bond in *Lindsey*, and is an even heavier burden on potential appellants. A fortiori,. the provision for the bond is unconstitutional. This situation, surely unintended when the Rules at issue were written, would have to be considered unreasonable under even the loosest standard of scrutiny.

392 F.Supp. at 577–78.

Appellant argues that *Lindsey* is distinguishable because the Oregon statute required the filing of an *additional* surety bond in forcible entry and detainer cases over and above the normal bond required in all civil appeals which was sufficient itself to cover all the damages and costs. Appellant observes that in Arizona only the single bond required by A.R.S. § 12–1179 in double the amount of the annual rent need be posted by tenants who appeal from justice court judgments and orders in forcible entry and detainer cases.

> The opinion in *Lindsey* concedes that: a State may properly take steps to insure that an appellant post adequate security before an appeal to preserve property at issue, to guard a damage award already made, or to insure a landlord against loss of rent if the tenant remains in possession, . . . .
>
> We do not question here reasonable procedural provisions to safeguard property, cf. *National Union of Marine Cooks*

---

1. One of the rules held unconstitutional was rule 749, Texas Ann. Rules Civ. Proc. (Vernon 1967), which is stated in the historical note to A.R.S. § 12 1179 to have been its source. However, we note that the Texas rules discussed in the text vary from our statute which requires a bond in an amount equal to double the annual rent.

& *Stewards v. Arnold*, 348 U.S. 37, 99 L.Ed. 46, 75 S.Ct. 92 (1954), or to discourage patently insubstantial appeals, *if these rules are reasonably tailored to achieve these ends and if they are uniformly and nondiscriminatorily applied.* 405 U.S. at 77–78, 92 S.Ct. at 876–77, 31 L.Ed.2d at 53 (emphasis added). .We find that the bond required by A.R.S. § 12–1179 in double the amount of the annual rent is not reasonably tailored to achieve a legitimate state end and is not uniformly and nondiscriminatorily applied.

Appellant also contends that *Lindsey* can be distinguished because there was apparently no procedure in Oregon for waiver of the appeal bonds for indigency such as is available in this state under rule 10(c), Rules of Civil Appellate Procedure. Rule 10(c) specifies the procedure for determination by the superior court of an appellant's application for waiver of the bond for costs on appeal required in all ordinary civil appeals from superior court judgments and orders. Rule 10(c) [2] has been held applicable to appeals from justice court to superior court, as well as to appeals from the superior court. *Hampton v. Chatwin*, 109 Ariz. 98, 505 P.2d 1037 (1973). *See also* A.R.S. § 22–211. Although we do not think rule 10(c) is applicable to the bond requirements of A.R.S. § 12–1179, we need not decide the question because of our determination that A.R.S. § 12–1179 is discriminatory on its face against both indigent and nonindigent appellants from justice court judgments in forcible entry and detainer cases. As stated in the *Compton* case:

> The infirmity is not in the refusal to allow FED appellants to appeal in forma pauperis. [Citations omitted] It is rather in the failure to reasonably tailor the procedures to uniformly and nondiscrimi-

natorily achieve the desired end of providing security on appeal.

392 F.Supp. at 578.

Finally, appellant argues that the Arizona courts have enforced a similar appeal bond provision in A.R.S. § 33–361(C), providing for appeals by tenants from summary actions by landlords for recovery of the premises. *Makalla v. Superior Court*, 119 Ariz. 1, 579 P.2d 39 (1978). The issue of the constitutionality of A.R.S. § 33–361(C) has not been raised or decided in any of the cases applying the statute.. A.R.S. § 33–361(C) appears to suffer from the same infirmities as A.R.S. § 12–1179; however, the issue of the constitutionality of A.R.S. § 33–361(C) is not before us.

In the absence of a specific provision governing procedure and practice in the justice court, the justice court will apply the law governing procedure and practice in the superior court. A.R.S. § 22–211. Since we have held that the appeal bond requirement of A.R.S. § 12–1179 is invalid, the appeal bond requirement of A.R.S. § 12–1182(B) is applicable to appeals from the justice court in forcible entry and detainer cases. We affirm the decision of the Maricopa County Superior Court. This cause is remanded to the Maricopa County Superior Court for proceedings consistent with this opinion.

CONTRERAS, P.J., and HAIRE, J., concur.

---

**2.** Rule 10(c), Rules of Civil Appellate Procedure, was formerly rule 73(i), Rules of Civil Procedure.