*NAVAJO TOWNSITE COMMUNITY DEVELOPMENT CORPORATION*
Plaintiff-Appellant
*vs.*
*Edison SORRELL*, et al.
Defendants-Appellees

In the Supreme Court of the Navajo Nation

No. SC-CV-19-00

January 28, 2002

216

Albert A. Hale, Esq., Window Rock, Navajo Nation (Arizona), for Appellant.

Richie Nez, Sr., Window Rock, Navajo Nation (Arizona), for Appellees.

Before YAZZIE, Chief Justice, and KING-BEN and FERGUSON, Associate Justices.

Opinion delivered by YAZZIE, Chief Justice.

This opinion is rendered upon the motions of the parties. The appellant moved the court to waive an appeal bond required by forcible entry and detainer law in its notice of appeal. The appellees move the court to disqualify the appellant's attorney in the appeal and to dismiss the appeal.

This is an appeal from a judgment of the Window Rock District Court which dismissed a forcible entry and detainer action. The court ruled that there is no landlord-tenant relationship between the Navajo Townsite Community Development Corporation (the "Corporation") and Edison Sorrell, Hoskie Yazzie, Edgar James, Silas Talkalai, Loberta Redhouse, Susie Bia, Marlene Gorrnan, and Bobbie Redhouse, so no action can be maintained. The Corporation filed its appeal and moved the Court to waive an appeal bond in the notice of appeal. The appellees filed a motion to disqualify legal counsel, Albert A. Hale, specifically contending that there is a conflict of interest since Mr. Hale spoke with Jonas Mustach and Sammie Legai III, who were officers of the tenant organization about representing the organization or its members. Mustach and Legai are not listed as parties in this appeal. The appellees also filed a motion to dismiss the appeal, although appellees assert that they too are members of the tenant organization,[1] on the ground that the Corporation failed to file the appeal bond required by 16 NNC § 1807 (1995).[2] The Corporation responds to that motion arguing that 16 NNC § 1807 does not apply because that section only requires a bond for accrued rent, and no rent is owing, so the appeal bond should not be waived. The Corporation also states that it attempted to obtain an appeal bond, but could not. It offers the Court two exhibits in support of its contention. The first exhibit is a memorandum to an employee of the Corporation from an underwriting officer of the Clay Fultz Agency, Inc., of Gallup, New Mexico

[1] Appellees initially were named as individual respondents. While they may be members of the tenant organization, these appellees are not parties herein as the tenant organization.

[2] The appellant incorrectly placed the statute in Title 7 in his Notice of Appeal filed on May 2, 2000.

dated May 3, 2000 which states, "[t]hese bonds are considered hazardous. Unfortunately, this applicant's financial statement does not qualify for a bond of this sort. We are sorry to disappoint you." The second exhibit is a "Fax Cover Page" sent to an employee of the Corporation from RLI Surety of Peoria, Illinois which states, "[w]e will consider an appeal bond if it is fully collateralized, and the case is conducted in a U.S. Court."

The issues presently before the Court are whether the attorney for the Corporation should be disqualified from representing it in this appeal, and whether the Court should waive the appeal bond otherwise required by 16 NNC § 1807.

## II

The appellees contend that they are members of the Navajo Forest Products Industry (NFPI) Trailer Court Tenants Association, and that the Corporation's attorney spoke with the organization's vice president and secretary about proposed actions of the Corporation against member tenants. The Corporation replies that there is no conflict of interest because there was no attorney-client relationship to create a conflict. We approach this issue by differentiating the ethical issue from a due process issue. That is the Disciplinary Committee of the Navajo Nation Bar Association has jurisdiction over ethics charges against bar members under the Navajo Nation version of the Model Rules of Professional Conduct which was approved by this Court in 1993. *In Re The Model Rules of Professional Conduct*, No. A-CV-41-92 (March 9, 1993). We decline to address the issue of the conflict of interest unless there is a clear showing of prejudice which arises from a conflict of interest. In this case, the asserted prejudice is that officers of a tenant organization who were not involved in this case before the trial court spoke with Mr. Hale and gave detailed information about their situation which he can now use to their disadvantage. We see this as a due process issue, because fundamental fairness requires a level playing field where one litigant does not have an improper or unfair advantage over another. The difficulty, however, is that there is no showing that Mr. Hale spoke with the litigants in the case in the District Court and obtained information from them which is now being used against them, and the tenant organization was not a party to the suit. It appears that it was the organization that sought Mr. Hales's services, and that an attorney-client relationship was not formed. We also note that the District Court's order of dismissal was based on public documents which were readily available to anyone, and not upon the testimony of the appellees. Given that situation, we decline to enter an order of disqualification, because we find no actual prejudice to the appellees. They may, however, wish to take their concerns to the Disciplinary Committee of the Navajo Nation Bar Association.

## III

The appeal bond issue does not arise under our rules of appellate procedure, but under the forcible entry and detainer law, which provides that:

A. Either party may appeal from the decision to the Supreme Court of the Navajo Nation by giving notice as in other actions and filing with the court within five days after rendition of the judgment a bond in an amount equal to double the yearly value or rental of the premises in dispute, with sureties to be approved by the Navajo Nation Court Judge, payable to the adverse party and conditioned that he or she will prosecute the appeal to effect and pay all costs and damages which may be adjudged against him or her.

B. The yearly value or rental of the premises in dispute shall be determined by the Navajo Nation Court Judge for the purpose of fixing the amount of bond.

The Corporation advises the Court that we have the authority to waive this bond on appeal, citing *Benally v. The Navajo Housing Authority*, 3 Nav. R. 55 (Nav. Ct. App. 1981). The problem, however, is that not only is the language from that case dictum (and the question posed here was not squarely before the Court in that case), but also we clearly state there that failure to post a bond would be reason to dismiss the case. The precedent on waivers varies in other jurisdictions, with authority to waive the bond in some statutes, waivers granted by an appellate court, *e.g. Moran v. Necaise*, 437 So.2d 1222 (Miss. 1983), and rulings that strict compliance with the requirements set by the legislature is required, *e.g. Trujillo v. Superior Court*, 134 Ariz. 355, 656 P.2d 644 (Ariz. App. 1982). We have previously held that the bond in our forcible entry and detainer law is required and it is a jurisdictional requirement. *Benally v. Navajo Housing Authority*, 3 Nav. R. 55 at 56 (Nav. Ct. App. 1981); *Yazzie v. Navajo Housing Authority*, 3 Nav. R. 117 (Nav. Ct. App. 1982) (compare with *Trujillo, supra*); *Hood v. Bordy*, 6 Nav. R. 349 at 351 (1991). The Corporation's argument that no bond is required because the statute requires one to satisfy accruing rent is of no avail, because the purpose of the bond is to assure that the appellant "will prosecute the appeal to effect and pay all costs and damages which may be adjudged against him or her." 16 NNC § 1807 (A) (1995). The bond assures that the appellant will follow through with the appeal, and give security for costs and damages.

We will approach the decision of whether to exercise discretion to waive the appeal bond on equal protection and due process grounds. We have reiterated that there is no right to appeal as such in the Navajo Nation, *Begay v. Election Admin.*, 7 Nav. R. 139 (Nav. Sup. Ct. 1995), but we have also recognized the due process right of access to the courts. *Blaze Construction Inc. v. Crownpoint Institute of Technology*, 7 Nav. R. 296 (Nav. Sup. Ct. 1997). The more precise question is whether equal protection or due process permit the waiver of a statutory requirement.

The provision of our statute, which requires the posting of a bond "equal to double the yearly value or rental of the premises," has been declared to

be unconstitutional by the United States Supreme Court as denying equal protection of the law. *Lindsey v. Normet*, 405 U.S. 56 (1972) (Oregon forcible entry and wrongful detainer appeal bond statute); *see also, Blair v. Stump*, 127 Ariz. 7, 617 P.2d 791 (Ariz. App.) (similar Arizona forcible entry and detainer appeal bond provision unconstitutional). In striking down the double bond provision, the U.S. Supreme Court said that while there is no process requirement for appeals if a full and fair trial on the merits is provided, if appeals are permitted, they cannot be granted to some litigants but arbitrarily and capriciously denied to others without violating equal protection of the law. *Id.* at 77. The language in our forcible entry and detainer law is exactly identical to the Arizona statute which was declared unconstitutional and in violation of the equal protection clause. However, a reasonable bond to assure perfection of the appeal and the payment of costs and damage is still required, *Lindsey, supra*, if such requirement would not violate the equal protection clause of the fourteenth amendment.

The equal protection doctrine requires that if there is a right to appeal, parties should be treated alike, and a cost requirement for an appeal may be valid on its face but unconstitutional when it is applied to a particular case as a matter of due process of law. *Adsani v. Miller*, 139 F.3d 67 (2nd Cir. 1988); citing *Boddie v. Connecticut*, 401 U.S. 371, 379–81 (1972). This is not a case where an appellant negligently failed to file the required appeal bond. The Corporation properly attempted to get an appeal bond through commercial surety companies. One declined to issue a bond on the basis of the Corporation's financial statement,[3] and the other refused because the Corporation could not collateralize or give security for the bond, and because the case was not being conducted in a U.S. court.[4]

The Court herein declares that 16 N.N.C. § 1807 requiring bond in an amount equal to double the yearly value or rental is in violation of the equal protection clause and as such, any bond required is to be approved by the Navajo Nation Court judges as to the amount and as to when it is to be paid. This Court rules that in order to accomplish the intent of posting adequate security, which are to preserve the property at issue, to guard an awarded damage, or to insure a landlord against loss of rent if the tenant remain in possession, the Navajo Nation judge can waive the requirement that the bond be posted before an appeal is granted provided that the judge is satisfied that the appellant made an earnest attempt to comply with the statute by providing documents showing such attempts.

We, therefore, should not dismiss the appeal here where the appellant

---

3 We assume that the bonding company found that the Corporation could not afford to repay the amount of bond if it lost this appeal and the bond was used to pay costs and damages.

4 Either RLI Surety Company of Illinois does not consider Indian Nation courts to be courts of the United States or that it declined to insure bond because our Court is not a federal court. We take it to mean the latter.

attempted to comply with the statute but could not do so because of matters outside its control. In balancing the rights of the parties, we find that because the Navajo Nation Council has provided for the appeals to this Court, there is a due process right of access to it, and that right should not be denied on technical grounds. The Corporation correctly states that the purposes of the bond statute are fulfilled as to rent not accruing, but there is still potential liability in terms of costs and possible damages. Therefore, we hold that it will be sufficient, in this particular case, for any costs or damages which may be awarded to be a judgment of this Court which can be executed upon through a writ of execution on the Corporation's property, if there are proven costs and damages. The motion to dismiss is denied.