474 P.2d 858

Rena Little BRYANT, Betty Burns, for themselves and on behalf of all others similarly situated in the State of Arizona, Petitioners,

The Honorable Laurance T. WREN, Judge of the Superior Court of Arizona in and for the County of Coconino, Billie Yost, Clerk of the Superior Court of Arizona in and for the County of Coconino, John O. Graham, as Commissioner for the Arizona State Department of Public Welfare, and the STATE BOARD OF PUBLIC WELFARE, and the Arizona State Department of Public Welfare, Real Parties in Interest, Respondents.

No. I CA–CIV 1449.

Court of Appeals of Arizona,
Division 1,
Department A.
Sept. 30, 1970.

**140**

———◆———

Leonard Goldberg and Samuel Withers, Tuba City, for petitioners.

Gary K. Nelson, Atty. Gen., by Michael S. Flam, Sp. Asst. Atty. Gen., and Michael B. Scott, A Law Student,* for respondents.

STEVENS, Judge.

This special action involves a very precise point relative to the limits of the authority of a judge of the Superior Court under Rule 73(i) (3) of the Rules of Civil Procedure, 16 A.R.S.

The petitioners herein sought relief for themselves and for members of their class in an action filed in the Superior Court for Coconino County. The trial judge, who is the respondent judge herein, entered judgment in favor of the petitioners individually and denied class action relief. The petitioners seeking to overturn the denial of the class action relief gave notice of appeal. Their counsel, pursuant to Civil Rule 11(b), verified the petitioners' Rule 73(i) (1) affi-

* Michael B. Scott, a student enrolled in the College of Law of Arizona State University participated in this matter pursuant to

davit of inability to give bond for costs on appeal. The respondents in the Superior Court action, pursuant to Rule 73(i) (2), made a timely request for a hearing. The hearing was held. One of the Superior Court petitioners testified. The trial court entered the following order:

"IT IS ORDERED that the Motion to appeal without bond be, and the same is hereby denied."

In part, the Rule in question provides that:

"(i)f the judge of the superior court finds the affidavit true he shall endorse thereon his approval, or if he finds the affidavit untrue he shall endorse his disapproval thereon * * *."

In the opinion of this Court the order which was entered does not comply with the provisions of the Rule.

The instruments and minutes of the Superior Court have been forwarded to this Court in connection with the proposed appeal. This Court expressly refrains from expressing an opinion as to the merits of the appeal, nor may the trial court take into consideration the merits in approving or disapproving the affidavit.

The issuance of the mandate in connection with this opinion will constitute a directive to the Clerk of the Court of Appeals to return the instruments to the Clerk of the Superior Court for Coconino County. When the instruments have been received by the Superior Court Clerk, they shall be presented to the respondent judge who will endorse the affidavit in question in the manner required by Rule 73(i) (3). Counsel shall be notified as to the action taken, and the instruments will be returned to the Court of Appeals together with proof of mailing of the notice of the action of the respondent judge.

DONOFRIO, P. J., and JACOBSON, J., concur.

Arizona Supreme Court Rule 28(e), effective 15 June 1970. Mr. Scott made the oral presentation for the respondents.