505 P.2d 1037

Jafus J. HAMPTON, Petitioner,

v.

Kenneth C. CHATWIN, Judge of the Superior Court of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, Respondent.

No. 11065.

Supreme Court of Arizona,
In Banc.

Feb. 1, 1973.

Martin J. Solomon, Phoenix, for petitioner.

Kaplan & Brazlin, by Jerold Kaplan, Phoenix, for respondent.

CAMERON, Vice Chief Justice.

This is a petition for special action from an order of the Superior Court of Maricopa County dismissing petitioner's appeal from the Justice Court to the Superior Court because of the failure of the petitioner to file an appeal bond.

We are called upon to answer the following question on appeal: May an indigent in a civil case appeal a decision of the Justice Court without first filling an appeal bond?

The facts necessary for determination of this matter on appeal are not disputed. Petitioner was a defendant in a civil action in the Northwest Phoenix Justice Court and a judgment was rendered against him on 11 August 1972. Within the 10 day period required by § 22–262 A.R.S., the defendant filed a written notice of appeal and timely and properly served a copy on the adverse party, and filed a motion to permit him to appeal in forma pauperis without prepayment of bond, together with an affidavit of inability to give bond on appeal. The opposing party did not choose to require proof of the facts stated therein or otherwise oppose the motion.

On 25 August 1972, within 10 days after service of the notice of appeal, the petitioner appeared before the Justice of the Peace and made further proof of the facts stated in his affidavit. The opposing party did not appear to examine the petitioner and the Justice of the Peace on that day authorized the petitioner to appeal without prepayment of bond.

On 15 September 1972, opposing counsel filed a motion in the Superior Court to dismiss and strike the appeal. Said motion was heard 4 October 1972 and the trial judge granted the motion to dismiss and strike appeal.

We granted the petition for special action because there is no speedy, adequate remedy at law and because of the general interest and importance of the question presented.

The Arizona statutes provide that an appeal may be taken from a decision in the Justice Court, § 22–261 A.R.S., and § 22–262 A.R.S. provides:

"A. The party appealing shall give notice of appeal in open court at the time judgment is given or shall file a written notice of appeal with the justice of the peace and serve a copy thereof upon the adverse party within ten days after judgment is given and shall also within ten days from date of the judgment file with the justice of the peace a bond, which shall be approved by the justice, in double the amount of the judgment, payable to appellee and conditioned that appellant prosecute his appeal to effect and satisfy the judgment which may be rendered against him on appeal."

The statutes are silent as to the right to appeal without posting bond in the case of an indigent party. However, § 22–211 A.R.S. does state:

"The law governing procedure and practice in the superior court so far as applicable and when not otherwise specially prescribed, shall govern procedure and practice in justice of the peace courts, except that the justice of the peace shall not charge the jury." § 22–211 A.R.S.

Rule 73(i) of the Arizona Rules of Civil Procedure, 16 A.R.S., sets forth the procedure for obtaining and contesting waivers of appeal bond. To comply with Rule 73(i) in an appeal from the Superior Court to the Court of Appeals or to the Supreme Court, the defendant must file an affidavit showing his indigency, to which the opposing party may file a request for strict proof of the facts stated in the affidavit, and a hearing must be held within 10 days before the judge showing the proof of the facts stated in the affidavit, at which time he may be examined by the opposite party. The judge must then endorse upon the affidavit of indigency his approval or disapproval of the affidavit. It is noted that the question of the form of this endorsement was not raised by the respondent either in the Justice Court or in his motion before the Superior Court. Therefore, we do not consider whether the endorsement in this case meets the requirements of the case of Bryant v. Wren, 13 Ariz.App. 139, 474 P.2d 858 (1970).

Division Two of our Court of Appeals has held that even though the statute is silent a city may appeal from a Justice Court ruling without posting bond if the city could appeal from the Superior Court without posting a bond. City of Tucson v. Superior Court, 2 Ariz.App. 25, 406 P.2d 227 (1965); Rule 73(p), Rules of Civil Procedure, 16 A.R.S.

■ Our Constitution states:

"§ 13. Equal privileges and immunities
"Section 13. No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations." Art. 2, § 13, Arizona Constitution, 1 A.R.S.

Rule 73(i) merely recognizes for appeals from the Superior Court the requirement of the Arizona Constitution that all citizens of our State, regardless of their financial status, must be afforded an equal opportunity to the courts and an equal opportunity to appeal.

■ We therefore hold that Rule 73(i), Rules of Civil Procedure, 16 A.R.S., applies to appeals from the Justice Court to the Superior Court as well as to appeals from the Superior Court.

The order of the trial court dismissing the appeal is set aside and the matter remanded to the trial court for further action consistent with this opinion.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.