618 P.2d 238

James NEW, Appellant,

v.

ARIZONA BOARD OF REGENTS, a
body corporate, Appellee.

No. 1 CA–CIV 4062.

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 15, 1980.

Rehearing Denied March 6, 1980.

Review Denied Oct. 15, 1980.

Coconino County Legal Aid by Douglas
Meiklejohn, A. Craig McDonald, Eleanor W.
Smith and Robert L. Miller, Flagstaff, for
appellant.

Mangum, Wall, Stoops & Warden by Gerald W. Nabours, Flagstaff, for appellee.

OPINION

DONOFRIO, Judge.

Appellant, James New (New) and Steven
Galas,[1] plaintiffs below were students at
Northern Arizona University during 1975–
1976 and resided at a dormitory that was
owned, operated and maintained by the
Board of Regents of the University and
State Colleges of Arizona[2] (Board of Regents).  Some stereo equipment was allegedly stolen from plaintiffs' dormitory
rooms.  After their claims filed pursuant to
A.R.S. § 12–821 were denied, plaintiffs sued
the Board of Regents in negligence on the
theory that their losses were caused by the
Board of Regents' failure to repair or modify door locks known by its agent to be
defective.  Plaintiffs did not post bond but
instead moved to strike the A.R.S. § 12–823
bond requirement.  The superior court denied plaintiffs' motion to strike the bond
requirement, granted the Board of Regents'
motion to dismiss and made these findings:

1.  That the State of Arizona has the
power and right to determine the conditions and circumstances pursuant to
which a person may file an action for
damages against the State either in a tort
action or for breach of contract;

2.  That Section 12–823 of the Arizona
Revised Statutes provides that at the
time of filing a complaint pursuant to
A.R.S. Sec. 12–821, a plaintiff shall file

---

1.  Steven Galas's case is not under review here
because his appeal was dismissed for failure to
timely file either an appellate bond or an affidavit in lieu thereof.

2.  All parties have referred to this board simply
as the Arizona Board of Regents throughout
this litigation.  See A.R.S. § 15–724(A).

therewith a bond in an amount not less than $500.00, conditioned upon the payment by plaintiff of all costs incurred by the State if the plaintiff fails to recover judgment;

3. That said statutory provisions are not unreasonable or arbitrary and there is no provisions for waiver of the bond requirement.

Appellant New filed a timely notice of appeal. Pursuant to Arizona Rules of Civil Procedure, rule 73(i) [3] he submitted an affidavit in lieu of bond because of his financial inability to post same which was approved by the superior court.

On appeal appellant urges that we reverse the trial court based upon the several theories asserted below including that waiver of the A.R.S. § 12–823 bond is required by the privileges and immunities clause of the Arizona Constitution, Art. 2, § 13.

We hold that the A.R.S. § 12–823 bond requirement violates Art. 2, § 13 of the Arizona Constitution as to indigents by denying them access to the courts and violates the same clause as to non–indigents by placing a heavier burden on their access to the court.

The equal privileges and immunities clause of the Arizona Constitution, Art. 2, § 13 provides:

§ 13. Equal privilege and immunities Section 13. No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations.

Our Supreme Court interpreted that clause as a command that "all citizens of our state, regardless of their financial status, must be afforded an equal opportunity to the courts . . . ." *Hampton v. Chatwin*, 109 Ariz. 98, 99, 505 P.2d 1037, 1038 (1973).

In *Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977), our Supreme Court struck down as violative of Art. 2, § 13, Ariz.Const. the A.R.S. § 12–567(I) non–waivable cost bond requirement in medical malpractice litigation. It did so despite the fact that the statute expressly authorized the presiding judge to reduce the bond upon a showing of indigency or "upon other just cause." The court opined:

As to the indigent, the statute violates the Arizona constitutional privileges and immunities clause. Art. II, § 13, by denying access to the courts. As to the non–indigent, it places a heavier burden upon his access to the court and therefore violates the same clause of the Arizona Constitution. *Hampton v. Chatwin, supra.*

*Id.* 116 Ariz. at 586, 570 P.2d at 754.

In the case *sub judice* the terms of A.R.S. § 12–823 clearly requires the posting of a non–waivable, non–reducible bond at the time of filing the complaint in negligence against the state. That rule provides:

§ 12–823. Bond of plaintiff for costs of state

At the time of filing the complaint in an action authorized by § 12–821 [4] plaintiff shall file therewith a bond in an amount not less than five hundred dollars, to be fixed and approved by a judge of the court and conditioned upon the payment

---

**3.** ARCP, rule 73(i) in effect at the time of this appeal has been abrogated and replaced by ARCAP, rule 10(c), however, that has no substantive bearing on this case. That rule provides:

1. If the appellant is unable to give bond for costs on appeal he may nevertheless prosecute his appeal, but to do so he shall file . . . an affidavit stating that he is unable to give bond for costs on appeal, and the reasons therefor.
2. The opposite party may, . . . after the filing of the affidavit, require proof of the facts therein stated, . . .
3. . . . the party filing the affidavit shall appear before the judge of the superior court and

make proof of the facts stated in the affidavit, and he may be examined by the opposite party. If the judge of the superior court finds the affidavit is true he shall endorse thereon his approval, . . . .

**4.** § 12–821. Authorization of action against state on tort or contract claim

Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment.

by plaintiff of all costs incurred by the state in the action if plaintiff fails to recover judgment.

By the terms of Art. 4, pt. 2, § 18 Arizona Constitution, the legislature is empowered to direct the manner in which suits may be brought against the state, however, such power is not unbridled. In *Shaw v. State*, 8 Ariz.App. 447, 450, 447 P.2d 262, 265 (1968), this court said:

> The state may set limitations upon the method and manner of bringing suit against the state *as long* as *such methods* are reasonable and *do not violate any constitutional rights....*

(Emphasis supplied)

The bond requirement of A.R.S. § 12–823 is a monetary blockade to access to the courts and is therefore violative of constitutional rights. Having so found it is unnecessary to address the other arguments of counsel.

The decision of the trial court dismissing the complaint of appellant is reversed and this case is remanded for further proceedings not inconsistent with this opinion.

CONTRERAS, J., concurs.

WREN, Presiding Judge, dissenting.

In my opinion *Eastin* is clearly distinguishable from the present controversy, since there is a substantial distinction between a non—waivable cost bond in medical malpractice litigation which involves only private parties and a suit against a public entity such as the Board of Regents which of necessity involves public funds.

A.R.S. § 12–821 *et seq.* and A.R.S. § 35–181 *et seq.* were designed by the legislature to protect the state against the costs and expenses of defending unfounded and baseless claims by an insolvent plaintiff. *Vinnicombe v. State of California*, 172 Cal. App.2d 54, 341 P.2d 705 (1959). They should not be disturbed by this Court.

I would affirm.