633 P.2d 453

Daniel S. PERU, Petitioner/Appellant,

v.

Robert R. RAINES, Institutional Administrator, Arizona State Prison, Respondent/Appellee.

No. 2 CA–CIV 3691.

Court of Appeals of Arizona, Division 2.

July 7, 1981.

Rehearing Denied Sept. 2, 1981.

Daniel S. Peru in pro. per.

Robert K. Corbin, Atty. Gen. by Rory C. H. Abate, Asst. Atty. Gen., Phoenix, for respondent/appellee.

## OPINION

HOWARD, Judge.

■ This is an appeal from an order summarily denying a petition for a writ of habeas corpus. Although habeas corpus is not the appropriate remedy to attack executive discretion, it is not inappropriate to construe a pro se petition as a petition for special action. *Brown v. State*, 117 Ariz. 476, 573 P.2d 876 (1978); *Pickett v. Boykin*, 118 Ariz. 261, 576 P.2d 120 (1978). Applying this rule of liberal construction, we believe summary disposition was improper.

■ The thrust of petitioner's argument is that in 1979 he was placed in "administrative segregation" pending an investigation of alleged infractions by him; that he was afforded no opportunity to be heard and to refute the claims of misconduct; that in December 1979 the Reclassification Committee recommended his return to the general prison population, and the recommendation was denied by prison officials. Petitioner alleges that he remained in administrative segregation, thereby being deprived of certain privileges available to other prison inmates. In particular, he was unable to earn work credits.

No response to the petitioner was filed in the trial court and we therefore assume the factual allegations of the petition are true.

The United States Supreme Court has held that when state prison inmates are deprived of significant privileges or confined in maximum security for disciplinary reasons, certain procedural safeguards must be observed.[1] *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). We agree with the rationale of *Wright v. Enomoto*, 462 F.Supp. 397 (N.D.Cal.1976), aff'd 434 U.S. 1052, 98 S.Ct. 1223, 55 L.Ed.2d 756 (1978), holding that confinement in maximum security for administrative reason requires, at a minimum, the same procedural safeguards as when the confinement is for disciplinary reasons.

Since petitioner alleges that he had remained in "administrative segregation" for approximately 1½ years and had not been afforded the minimum procedural safeguards mandated by *Wolff*, we believe he alleges a claim for relief.

We reverse the order denying the petition filed below and remand for further proceedings.

HATHAWAY, C. J., and BIRDSALL, J., concur.

---

1. These include an opportunity to appear before the decision-making body, advance written notice of the charges, an opportunity to present witnesses when it poses no threat to institutional safety, and a written statement of the evidence relied upon and the reasons for the disciplinary action.