637 P.2d 723

Michael D. TAHTINEN, Petitioner,

v.

SUPERIOR COURT, PINAL
COUNTY, Respondent,

Robert GOLDSMITH, Warden of the Central Unit of the Arizona State Prison and the Department of Corrections, an Administrative Agency of the State of Arizona, Real Parties in Interest.

Jim DOWNS, Petitioner,

v.

SUPERIOR COURT, PINAL
COUNTY, Respondent,

Bradley SYMOLEN, Jane Doe Symolen, his wife; and the Department of Corrections, an Agency of the State of Arizona, Real Parties in Interest.

James PIATT and Terry Von
Jackson, Petitioners,

v.

Elizabeth Urwin FRITZ, Clerk of the Court of Appeals, Division Two and Alma Haught, Clerk of the Pinal County Superior Court, Respondents,

and

The STATE of Arizona, Real Party
in Interest.

Nos. M–354, M–357 and M–362.

Supreme Court of Arizona,
In Banc.

Nov. 3, 1981.

Rehearing Denied Dec. 15, 1981 in
M–362 only.

Michael D. Tahtinen, in pro. per.

Robert K. Corbin, Atty. Gen., Rory C. H. Abate, Asst. Atty. Gen., Phoenix, for Robert Goldsmith and the Department of Corrections, real parties in interest and respondents and the State of Ariz., real party in interest.

Jim Downs, in pro. per.

Robert K. Corbin, Atty. Gen., Jay R. Adkins, Asst. Atty. Gen., Phoenix, for Bradley Symolen and Jane Doe Symolen and the Department of Corrections, real parties in interest.

James Piatt, Terry Von Jackson, in pro. per.

GORDON, Justice:

These three special actions raise the same issue: Do indigents have the right to file a civil action or civil appeal without paying the filing fee to the appropriate clerk of the court? We have consolidated these special actions to consider this issue.

All three special actions were filed by prisoners at the Arizona State Prison. Case No. M-354 involved a complaint alleging a denial of procedural due process in a prison disciplinary proceeding; M-357 concerned an assault and battery charge; and M-362 alleged a failure to pay wages due for work done by a prisoner. In case Nos. M-354 and M-357, the clerk of the Pinal Superior Court refused to accept the prisoner's civil complaint unless the filing fee of $30.00 was paid. Case No. M-362 began as a special action in the Superior Court of Pinal County. The trial court waived the filing fee, considered the petition, and then dismissed it for lack of standing. When petitioners tried to file an appeal, the clerk of the Pinal Superior Court refused to file the notice of appeal without the $20.00 filing fee. Petitioners then took a special action to the Court of Appeals, Division Two, but the clerk of the court refused to accept the petition without the requisite filing fee. Petitioners in all three cases then brought their cases individually to this Court by special action, and we accepted jurisdiction pursuant to A.R.S. Const. Art. 6, § 5(1).

We first note that a waiver of fees in these kinds of cases is not required by statute. A.R.S. § 12–311 states, "At the commencement of each action or proceeding, except as otherwise provided by law, the plaintiff shall pay to the clerk of the superior court thirty dollars."[1] A.R.S. §§ 12–120.31 and 12–321 require filing fees in the Court of Appeals and the Supreme Court. A.R.S. § 12–302 provides, "The court or any judge thereof may for good cause shown extend the time for paying any court fees required by law or may relieve against a default caused by nonpayment of a fee within the time provided by law * * *."

We have held that A.R.S. § 12–311 allows a court to extend the time for payment of filing fees for a reasonable time. *Sloatman v. Gibbons*, 104 Ariz. 429, 454 P.2d 574 (1969), *vacated and remanded on other grounds*, 402 U.S. 939, 91 S.Ct. 1624, 29 L.Ed.2d 107 (1971). The statute does not, however, permit a complete waiver of the fees regardless of the financial status of the

---

1. The state, counties, state and county agencies, and state and county officials are exempted from the payment of court fees by A.R.S. § 12–304.

litigant. Therefore, there is no statutory authority for fee waiver.

We next consider whether the federal or state constitutions require waiver of the fees. Filing fees must be waived when an indigent prisoner seeks to file either an appeal from his or her conviction or a habeas corpus petition concerning the reason for incarceration. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). But when an indigent seeks to file a purely civil suit, waiver of filing fees is generally not required. The only exception is when the suit involves a fundamental right and the state maintains a monopoly over the settlement of a dispute involving that right. *See Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). Thus, the federal constitution requires the waiver of filing fees for an indigent who seeks to file a divorce action, *Boddie*, but not for an indigent who seeks to file a bankruptcy petition, *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).

In the instant case, none of the three petitions is an appeal from a conviction or a habeas corpus petition concerning the reason for incarceration. Neither do the cases fit within the *Boddie* exception. No fundamental right is involved in case Nos. M–357 and M–362, and the petitioner in case No. M–354 had an effective alternative by appealing within the prison system. Hence, petitioners were denied no federal constitutional right when their filing fees were not waived.

Petitioners refer us to *Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977), and *New v. Arizona Board of Regents*, 127 Ariz. 68, 618 P.2d 238 (1980), to support their contention that refusal to waive their filing fees violates our state constitution. *Eastin* concerned a $2,000 cost bond required for a litigant in a medical malpractice case to proceed to trial after an adverse finding by the medical liability review panel. We held:

"As to the indigent, the statute violates the Arizona constitutional privileges and immunities clause, Art [2], § 13, by denying access to the courts. As to the nonindigent, it places a heavier burden upon his access to the court and therefore violates the same clause of the Arizona Constitution. *Hampton v. Chatwin*, [109 Ariz. 98, 505 P.2d 1037 (1973)]."

*Eastin*, 116 Ariz. at 586, 570 P.2d at 754. *New* dealt with a $500 cost bond required to file a breach of contract or negligence claim against the state. Relying on the above-quoted language from *Eastin*, the Court of Appeals found the bond unconstitutional under Arizona's equal privileges and immunities clause.

Art. 2, § 13 of the Arizona Constitution [2] is not an absolute restriction on the state, however. We hold that unless a fundamental right is violated or an invidious classification is created, a statute impinging on the equal privileges and immunities of a class of Arizona residents will be upheld if it has a rational basis. A statute has such a basis when it rationally furthers a legitimate legislative purpose.

The cost bond statutes in *Eastin* and *New* did not have a rational basis. The purpose of the statutes was to deter frivolous litigation. The frivolity vel non of litigation is not related to the financial status of the litigants. By denying access to the courts to indigents with meritorious claims and granting it to the wealthy with frivolous claims, the bond provisions of the statutes were grossly overinclusive and underinclusive. The defects were so great that it cannot be said they rationally furthered a legitimate legislative purpose.

The purpose of the filing fees in the instant case, however, is to recoup some of the administrative costs of opening the courts to litigants. These costs are incurred by the state regardless of the financial status of the litigants. The fees are not excessive, and the time for payment may be extended under A.R.S. § 12–302. We find the filing fees of A.R.S. §§ 12–311, 12–120.-31, and 12–321 to have a rational basis. The statutes do not infringe a fundamental

2. "No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

right or create an invidious classification. Thus, we find them consistent with Art. 2, § 13 of the Arizona Constitution.

Our ruling today does not bar from the courts all indigent prisoners with civil claims. Under 42 U.S.C. § 1983, for example, a prisoner deprived of "rights, privileges, or immunities" by a person acting under color of state law has a civil cause of action. A prisoner who brings the action in federal court may be able to proceed in forma pauperis. *See* 28 U.S.C. § 1915.

The answer to the issue raised, then, is that indigent plaintiffs or appellants have the right to waiver of filing fees in Arizona courts only when the case is an appeal from a criminal conviction, a habeas corpus petition challenging the legality of the state's incarceration of the plaintiff, or a lawsuit within the doctrine of *Boddie v. Connecticut, supra.*

Jurisdiction accepted; relief denied.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON, J., concur.

Note: Justice JACK D. H. HAYS did not participate in the determination of this matter.