651 P.2d 1211

John Shelby McCORMICK, Petitioner/Appellant,

v.

Donald B. WAWRZASZEK, Institutional Administrator, Arizona State Prison, Respondent/Appellee.

No. 2 CA–CIV 4349.

Court of Appeals of Arizona, Division 2.

Sept. 28, 1982.

John Shelby McCormick, in pro per.

Robert K. Corbin, Atty. Gen. by Jay R. Adkins, Asst. Atty. Gen., Phoenix, for respondent/appellee.

## OPINION

HOWARD, Chief Judge.

This is an appeal from an order summarily denying appellant's petition for a writ of habeas corpus.

The petition filed December 31, 1981, alleged that the petitioner was an inmate of the Arizona State Prison and being held in intensive custody; that he had been held in this status for about a month after his arrest on charges which were still pending and then transferred to maximum custody; and that he had been returned to intensive custody after about a week. No response was filed nor did the trial court require one and on January 5, 1982, the petition was denied. Appellant paid no filing fee in the lower court.

Appellant contends that he should have been afforded a hearing on his habeas corpus petition, citing our decision in *Peru v. Raines,* 130 Ariz. 44, 633 P.2d 453 (App. 1981). In *Peru,* we indicated that it is not inappropriate to construe a pro se habeas petition attacking executive discretion in prison administration matters as a petition for special action when a prison inmate complains of deprivation of significant privileges or confinement in maximum security for disciplinary reasons without certain required procedural safeguards.

Our supreme court has treated pro se habeas corpus petitions as petitions for special actions both in proceedings originating in that court, e.g., *Brown v. State,* 117 Ariz. 476, 573 P.2d 876 (1978); *Pickett v. Boykin,* 118 Ariz. 261, 576 P.2d 120 (1978), and on appeal from denial of habeas corpus in superior court, *Stevenson v. Arizona Board of Pardons and Paroles,* 109 Ariz. 412, 510 P.2d 384 (1973). However, the court recently held in *Tahtinen v. Superior Court, Pinal County,* 130 Ariz. 513, 637 P.2d 723 (1981), that indigent prisoners are not entitled to a waiver of filing fees in civil actions or civil appeals. The right to waiver of filing fees applies only to an appeal from a criminal conviction, a habeas corpus petition challenging the legality of the petitioner's incarceration, or a lawsuit within the doctrine of *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971).

Our decision in *Peru v. Raines,* supra, antedated the *Tahtinen* case. We therefore believe that the superior court may not construe a pro se habeas corpus petition as a petition for special action without the payment of a filing fee. Since appellant's petition does not attack the validity of his custody nor fall within the *Boddie* exception,[1] the trial court's summary disposition was proper.

Affirmed.[2]

HATHAWAY and BIRDSALL, JJ., concur.

---

1. In *Tahtinen,* the petitioner's special action complained of a denial of procedural due process in a prison disciplinary proceeding.

2. If a habeas corpus petition does state a claim for extraordinary relief, the superior court may elect to treat it as a petition for special action upon payment of the required civil filing fee.