656 P.2d 644

Aurora TRUJILLO, Petitioner,

v.

SUPERIOR COURT OF PIMA COUNTY;
and J. Richard Hannah, Judge of the
Superior Court; City of Tucson, Depart-
ment of Housing, Conventional Public
Housing Division, Real Party in Inter-
est, Respondents.

No. 2 CA–CIV 4563.

Court of Appeals of Arizona,
Division 2.

Oct. 19, 1982.

Rehearing Denied Nov. 26, 1982.

Review Denied Jan. 7, 1983.

Southern Arizona Legal Aid, Inc. by Rog-
er W. Archer, Tucson, for petitioner.

Frederick S. Dean, Tucson City Atty. by
Michael G. Wood, Tucson, for respondents.

## OPINION

BIRDSALL, Judge.

Do indigents have a right to file an ap-
peal to superior court from a justice court
judgment in a forcible entry and detainer
action without posting the bond required by
4A A.R.S. § 12–1179?[1] That is the issue
presented here. Although we answer this
question in the negative and deny relief to
petitioner, we assume jurisdiction as it ap-
pears the question is a recurring one and
will continue to arise in the courts of this
state.

Petitioner is a tenant in the City of Tuc-
son conventional public housing. Her rent
is $32.00 per month. The city filed a de-
tainer action in justice court and secured a
judgment in the sum of $429.00 plus court
costs of $7.00. The court also directed is-
suance of a writ of restitution. Petitioner
filed a timely notice of appeal together with
a motion to accept her affidavit in lieu of
an appeal bond, to stay execution of judg-
ment and writ of restitution, and an affida-
vit in lieu of bond. Opposition was filed by

---

1. This statute was amended following the deci-
sion of Division One in *Blair v. Stump*, 127
Ariz. 7, 617 P.2d 791 (App.1980). We are con-
cerned here with the amended statute.

the city, and at the conclusion of a hearing on petitioner's motion, the justice court ordered that petitioner file a bond for appeal in the amount of $175.00 plus deposit her rent for the forthcoming month with the clerk of the superior court. Pursuant to 4A A.R.S. § 12–1180, if and when the appeal bond is posted, all further proceedings on the judgment would be stayed. The bond serves as both a cost and supersedeas bond.

█ Petitioner filed a special action in the superior court attacking the constitutionality of A.R.S. § 12–1179. The petitioner also argued that the Arizona Rules of Civil Appellate Procedure, 17A A.R.S., including Rule 10(c) permitting an affidavit in lieu of cost bond, should control the procedure on an appeal from the justice court to the superior court rather than the forcible entry and detainer statutes. We summarily reject this argument. Since the legislature has specifically provided for the appeal bond in A.R.S. § 12–1179 and § 12–1180, those statutes are controlling. The superior court expressly found that there was no constitutional infirmity in the statute and that the justice court did not act arbitrarily or capriciously nor exceed its authority or abuse its discretion in requiring the bond. The court noted that the bond was much less than the amount of the judgment and was commensurate with the rent which would accrue during the pendency of the appeal. Petitioner now contends in this court that the respondent court abused its discretion in not requiring that the justice court either waive or reduce the amount of the bond.

4A A.R.S. § 12–1179 provides:

"Either party may appeal from a justice court to the superior court of the county in which the judgment is given by giving notice as in other civil actions and filing with the justice of the peace within five days after rendition of the judgment a bond in an amount fixed and approved by the court, with sureties to be approved by the justice of the peace, payable to the clerk of the superior court and conditioned that he will prosecute the appeal to effect and will pay the rental value of the premises pending the appeal and all costs, damages and rent which may be adjudged against him."

Petitioner refers us to *Eastin v. Broomfield,* 116 Ariz. 576, 570 P.2d 744 (1977), and *New v. Arizona Board of Regents,* 127 Ariz. 68, 618 P.2d 238 (App.1980), to support her position that refusal to waive this bond requirement violates the state constitution. *Eastin* concerned a $2,000 cost bond required for a litigant in a medical malpractice case to proceed to trial after an adverse finding by the medical liability review panel. *New* dealt with a $500 cost bond required to file a breach of contract or negligence claim against the state. In both cases, the cost bond statute was found unconstitutional under Arizona's Equal Privileges and Immunities Clause, Article 2, Section 13.

The most recent pronouncement of the Arizona Supreme Court is *Tahtinen v. Superior Court,* Pinal County, 130 Ariz. 513, 637 P.2d 723 (1981). In holding that there is no constitutional requirement to waive filing fees in a civil case for indigents except when the suit involves a fundamental right, the court stated:

"We hold that unless a fundamental right is violated or an invidious classification is created, a statute impinging on the equal privileges and immunities of a class of Arizona residents will be upheld if it has a rational basis. A statute has such a basis when it rationally furthers a legitimate legislative purpose.

The cost bond statutes in *Eastin* and *New* did not have a rational basis. The purpose of the statutes was to deter frivolous litigation. The frivolity vel non of litigation is not related to the financial status of the litigants. By denying access to the courts to indigents with meritorious claims and granting it to the wealthy with frivolous claims, the bond provisions of the statutes were grossly overinclusive and underinclusive. The defects were so great that it cannot be said they rationally furthered a legitimate legislative purpose." 130 Ariz. at 515, 637 P.2d at 725.

The court went on to point out that the purpose of the filing fees is to recoup some of the administrative costs of opening the courts to litigants, costs incurred by the state regardless of the financial status of the litigants. The fees were not excessive and 4 A.R.S. § 12–302 permits extension of time for payment. Therefore the court found that the filing fees required in civil cases had a rational basis.

In *Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), the United States Supreme Court held unconstitutional an Oregon forcible entry and detainer statute which required appellant to file, in addition to other appeal bonds, an undertaking with two sureties of *twice the rental value of the premises* from the commencement of the action until final judgment. Although the court found the double-bond prerequisite to be a denial of equal protection, it recognized that a state may validly make special provisions for the peaceful and expeditious settlement of disputes over possession between landlord and tenant and may properly take steps to insure that an appellant posts adequate security before an appeal to preserve the property at issue, to guard a damage award already made, or to insure a landlord against loss of rent if the tenant remains in possession. 405 U.S. at 77–78, 92 S.Ct. at 876, 31 L.Ed.2d at 52–53. The court also pointed out that the U.S. Constitution does not provide judicial remedies for every social and economic ill and it saw no recognition in that document of the right of a tenant to occupy the real property of his landlord beyond the term of his lease without the payment of rent or otherwise contrary to the terms of the relevant agreement.

We hold that there is a rational justification for the bond required by A.R.S. § 12–1179, and, therefore, it does not violate the Equal Protection Clause by unconstitutionally discriminating against the poor. *See also Ortwein v. Schwab,* 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). We note parenthetically that the amount of the bond required of petitioner was, from her landlord's point of view, hardly adequate to protect its interest.

We find no error in the ruling of the respondent court on the special action petition filed below. We therefore decline to interfere.

HOWARD, C.J., and HATHAWAY, J., concur.