951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James C. STANDLEE, Plaintiff-Appellant,
v.
STATE of ARIZONA, et al., Defendant-Appellees.
 No. 90-15721.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Dec. 20, 1991.
 
 Before BOOCHEVER, WILLIAM A. NORRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Standlee appeals from the trial court's dismissal of his civil rights action brought under 42 U.S.C. § 1983. Standlee sued the state of Arizona and the clerk and deputy clerk of the Arizona Superior Court for refusing to allow him to file a civil bastardy suit without paying a filing fee.
 
 
 3
 Arizona has a statutory scheme for waiver of filing fees and other court costs for indigents, at Section 12-306 of the Arizona Revised Statutes. A statutory exception, at subsection 12-306(L)(2), prohibits waiver of filing fees for "[a]ctions, other than pertaining to domestic relations, filed by persons who at the time of filing the application are incarcerated as a result of a felony conviction." Standlee was incarcerated as a result of a felony conviction when he sought to file his bastardy action.
 
 
 4
 The Arizona court clerk evidently determined that Standlee's purported bastardy claim was not a domestic relations case, so Standlee was not permitted to obtain a waiver of the filing fee. The paternity and maternity statute, formerly called the bastardy statute, allows a parent, public welfare agency or official, or "guardian, conservator or best friend of a child or children born out of wedlock" to file a proceeding to establish maternity or paternity, and obtain a judgment for child support. Ariz.Rev.Stat.Ann. §§ 12-843(A), 12-849. Standlee, a man over 40, did not fall into any of these classes of plaintiff. He sought money damages and "inheritance ... as a rightful heir."
 
 
 5
 The issue for the federal court was whether the state court's refusal to allow Standlee to proceed without paying the filing fee violated the United States Constitution, not whether the state court correctly applied the state statute. We find no constitutional violation.
 
 
 6
 The district court correctly found that this case is not within the class of cases controlled by Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). On due process grounds, Boddie invalidated a Connecticut statute that required married couples to pay a filing fee to obtain a legal divorce in court on due process grounds. The decision was predicated on the fundamental nature of the right to a divorce, as well as the Court's recognition that there was no other means of vindicating the rights involved.
 
 
 7
 This case is more analogous to United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). In Kras, the Supreme Court rejected an indigent's due process challenge to a federal bankruptcy rule requiring him to pay a filing fee before he could institute a bankruptcy discharge proceeding. The Court distinguished Boddie, because bankruptcy did not rise to the level of a fundamental right and there were alternative means to vindicate the involved rights.
 
 
 8
 Standlee's case involved no fundamental right. He sought money and inheritance rights from his putative father. Because it involved no fundamental right, this case is controlled by Kras, Piatt v. MacDougall, 773 F.2d 1032 (9th Cir.1984), and Tahtinen v. Superior Court, 637 P.2d 723 (Ariz.1981). The exception to the filing fee waiver is constitutional in this prisoner's civil suit, which does not involve a fundamental right.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App. 34(a); 9th Cir.R. 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 21