51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Alan GROTE, Plaintiff-Appellant,
v.
Lacy SCOTT, Business Manager; Sam Lewis, Defendants-Appellees.
 No. 94-15603.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 29, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Robert Alan Grote appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action, alleging prison officials violated his procedural due process rights by not properly accounting for the funds in his inmate account. There is no violation of procedural due process for the deprivation of property by a state employee where "adequate state post-deprivation remedies are available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Grote contends that Arizona does not provide any adequate state post-deprivation remedy for an indigent petitioner, such as himself, by virtue of the operation of Arizona Rev.Stat. Sec. 12-306(L)(2), which provides that no waivers of filing shall be granted for indigent prisoners convicted of a felony (except for domestic relations cases). The Arizona Supreme Court has held that fees could be waived for indigents whose cases implicated fundamental rights that could only be vindicated through the court system. Tahtinen v. Superior Court, 130 Ariz. 513, 515, 637 P.2d 723, 725 (1981), cert. denied, 454 U.S. 1152 (1982). Moreover, even if the fee was not waived, Ariz.Rev.Stat. Sec. 12.302 provides for an extension of time for payment of court fees, whereby Grote could negotiate a long-term plan for payment of the fees. Accordingly, Grote may have been successful in either obtaining a waiver of or in paying court costs, and thereby be able to bring a tort claim action against prison officials under Ariz.Rev.Stat. Sec. 12-821. Mere hypothesizing about the absence of a state remedy alone will not make out a violation of the due process clause.
 
 
 3
 The district court properly found that Grote had a possible state post-deprivation remedy available, and that his claim did not lie in federal court. See Hudson, 468 U.S. at 533.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3