301 P.3d 206

James THIELE, Plaintiff/Appellant,

v.

CITY OF PHOENIX, a municipal Corporation; Michael Simmons, Defendants/Appellees.

No. 1 CA–CV 11–0769.

Court of Appeals of Arizona, Division 1, Department E.

April 2, 2013.

James Thiele, Glendale, In Propria Persona Plaintiff/Appellant.

Iafrate & Associates By Michele M. Iafrate, Phoenix, Attorneys for Defendants/Appellees.

## OPINION

GEMMILL, Judge.

¶ 1 Appellant James Thiele challenges the constitutionality of Arizona Rule of Civil Procedure 67(d), which requires the trial court to order a plaintiff to provide security for costs on a showing that he does not own property within the state that could satisfy the defendant's claim for costs in the litigation. We hold that subsections (d) and (e) of Rule 67, when considered together, are facially constitutional. We further conclude, however, that the trial court erred in dismissing the action on the basis of Thiele's failure to post a cost bond, because the amount of the bond was established in the absence of information regarding the estimated taxable costs of litigation.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Thiele filed a complaint alleging that a City of Phoenix Neighborhood Services Inspector assaulted him. According to Thiele, the City of Phoenix employee struck him in the face without any provocation. Thiele alleged assault and battery, trespass, and a claim under 42 U.S.C. § 1983.

¶ 3 The City filed a motion for security for costs pursuant to Rule 67(d), which provides:

> At any time before trial of an issue of law or fact, on motion of the defendant, supported by affidavit showing that the plaintiff is not the owner of property within the state out of which the costs could be made by execution sale, the court shall order the plaintiff to give security for the costs of the action. The court shall fix the amount of the security, the time within which it shall be given and it shall be given upon condition that the plaintiff will pay all costs that may be adjudged against the plaintiff, and authorize judgment against the sureties, if a written undertaking. If the plaintiff fails so to do within the time fixed by the court, the court shall order the action dismissed without notice.

The City's Rule 67(d) motion alleged that although Thiele lived in Arizona, he did not own any property within the state that could satisfy a judgment for costs. The City included an affidavit attesting that Thiele did not own any property in Arizona.

¶ 4 The City asked the court to set the security for costs at $30,000 but did not provide an estimate of the taxable costs of litigation to support its request. The City's motion, instead, described Thiele's previous civil action against the City regarding the same incident, which was dismissed without prejudice.[1] The City contended that Thiele's "demonstrated pattern of dilatory tactics [was] likely to continue and increase the costs of litigation for Defendant."

¶ 5 Thiele opposed the City's request for a $30,000 security for costs, arguing it was excessive. He asked the court to order the City to provide a litigation cost estimate justifying its bond request. And he argued there was no legal basis for requiring a security for costs based on prior litigation.

¶ 6 The trial court granted the City's 67(d) motion, ordering Thiele to post the $30,000 security. Thiele made a timely motion under

---

1. Thiele's previous action against the City, Maricopa County Superior Court cause number CV2007–051351, similarly alleged assault and battery, trespass, and a 42 U.S.C. § 1983 claim. The trial court in that case ordered that Thiele provide security for costs in the amount of $15,000. The City filed a motion to dismiss based on Thiele's failure to post the security for costs. After oral argument on the City's motion to dismiss, the court dismissed the case without prejudice.

Rule 67(e) to vacate the order, arguing he was financially unable to post the security. Rule 67(e) provides:

> If the plaintiff, within five days after the order [requiring security], makes strict proof of inability to give the security, the order to give security shall be vacated. The proof may be made by affidavit, but if objection thereto is made by the defendant, the plaintiff shall submit to the court at a time designated by the court, when the plaintiff shall be examined orally as to the inability to give such security.

Thiele attached an affidavit to his motion stating that he could not afford to post a $30,000 bond. The City requested that Thiele submit to an oral examination regarding whether he could post the security, and the court set an evidentiary hearing.

¶ 7 At the Rule 67(e) evidentiary hearing, Thiele was the only witness to testify. The trial court affirmed the order requiring Thiele to post a security for costs but reduced the amount of the bond to $15,000. Because the record on appeal does not include a transcript of this hearing, we are unable to review Thiele's testimony. Based on the text of Rule 67(e), the prehearing filings, the minute entry of the hearing, and the court's ruling, we conclude the testimony related only to Thiele's assets, finances, and ability to post a bond.[2]

¶ 8 In June 2011, the City filed a motion to dismiss based on Thiele's failure to post the security for costs. Thiele responded again that he was unable to pay the security set by the court. Thiele attached to his response an email from an insurance agent who explained he had exhausted every option to obtain a court bond on Thiele's behalf. Thiele argued that to dismiss his case because he could not afford to pay the security would unconstitutionally deny him access to the courts. After hearing oral argument, the court granted the City's motion to dismiss the case with prejudice.

¶ 9 Thiele timely appeals, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(A)(1) (Supp. 2012).

## DISCUSSION

¶ 10 Thiele argues the dismissal of his case with prejudice for failure to post a security for costs violated his rights under the Arizona Constitution. He argues that Rule 67 is facially unconstitutional and, alternatively, the trial court abused its discretion in setting the amount of the security.

### Facial Constitutionality of Rule 67(d) and (e)

¶ 11 We begin with Thiele's challenge to the facial constitutionality of Rule 67(d).[3] We apply a de novo standard of review when determining the constitutionality of statutes and rules. *See DeVries v. State*, 221 Ariz. 201, 204, ¶ 6, 211 P.3d 1185, 1188 (App.2009).

¶ 12 Thiele relies on the Equal Privileges and Immunities Clause of the Arizona Constitution, which provides:

2. It is the appellant's obligation to provide all necessary portions of the record on appeal, including transcripts, and we generally presume that any missing portion of the record will support the trial court's ruling. *See Bee–Gee, Inc. v. Ariz. Dep't of Econ. Sec.*, 142 Ariz. 410, 414, 690 P.2d 129, 133 (App.1984). The issue in a Rule 67(c) hearing is whether the plaintiff can afford to post security for costs, and we presume the evidence recorded in the missing transcript supports the trial court's decision that Thiele could afford to post a $15,000 bond for costs but not a $30,000 bond. In light of the absence of any indication in the record, by minute entry or otherwise, that the court also addressed the separate issue of the City's estimated taxable costs of defending the action, we will not presume the court also addressed that issue.

3. Thiele first asserted this constitutional argument in his response to the City's motion to dismiss. The City argues that Thiele waived his constitutional argument by failing to raise it earlier, in his initial lawsuit or in his response to the City's motion to require a cost bond. We conclude that Thiele has not waived his constitutional argument. First, he was not facing the prospect of dismissal of this action until the City filed its motion to dismiss based on Rule 67(d). Second, before dismissing the action, the trial court had the opportunity to consider, and presumably did consider, the constitutional argument Thiele raised in his response.

No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations.

Ariz. Const. art. 2, § 13. In *Hampton v. Chatwin*, 109 Ariz. 98, 99, 505 P.2d 1037, 1038 (1973), the Arizona Supreme Court held that this clause requires that "all citizens of our State, regardless of their financial status, must be afforded an equal opportunity to the courts."

¶ 13 Arizona courts have struck down certain cost provisions as violating a plaintiff's constitutional right of access to the courts. *See Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977); *New v. Ariz. Bd. of Regents*, 127 Ariz. 68, 618 P.2d 238 (App.1980). In *Eastin*, the Arizona Supreme Court considered a statute requiring a plaintiff to post a $2,000 cost bond in order to proceed to trial after an adverse finding by the medical liability review panel. 116 Ariz. at 585, 570 P.2d at 753. The statute prohibited the court from waiving the bond requirement. *Id.* at 586, 570 P.2d at 754. Similarly, in *New*, the statute required a plaintiff to post a $500 cost bond to file a breach of contract or negligence claim against the state. 127 Ariz. at 68–69, 618 P.2d at 238–39. In each case, the court held the cost bond requirement unconstitutional because it denied plaintiffs' access to the court system. *Eastin*, 116 Ariz. at 586, 570 P.2d at 754; *New*, 127 Ariz. at 70, 618 P.2d at 240.

¶ 14 The Equal Privileges and Immunities Clause, however, does not bar all cost bonds or filing fees. *Tahtinen v. Superior Court*, 130 Ariz. 513, 515, 637 P.2d 723, 725 (1981). In *Tahtinen*, the Arizona Supreme Court held that "unless a fundamental right is violated or an invidious classification is created, a statute impinging on the equal privileges and immunities of a class of Arizona residents will be upheld if it has a rational basis." *Id.* A statute or rule has a rational basis "when it rationally furthers a legitimate legislative purpose." *Id.*

¶ 15 The waiver provision in Rule 67(e) provides a constitutionally significant limitation on Rule 67(d), thereby preventing any facially invidious classification related to the financial status of the litigants. Even when a defendant establishes grounds for the security for costs, such requirement must be waived if the plaintiff proves he cannot afford to pay the security. Ariz. R. Civ. P. 67(e). Put differently, Rule 67(d) does not unconstitutionally prohibit a plaintiff's access to the courts because, in accordance with Rule 67(e), if the plaintiff establishes an inability to give the security, the court must vacate the order requiring the security. *See Browning v. Corbett*, 153 Ariz. 74, 77, 734 P.2d 1030, 1033 (App.1986) (finding the filing fee in question did not prohibit access to courts because indigent litigant could obtain a waiver). In providing for a waiver, the Rule insures that "one party's economic interest in receiving its costs of litigation should it win" does not unconstitutionally deny a litigant access the courts. *Baltayan v. Getemyan*, 90 Cal.App.4th 1427, 110 Cal. Rptr.2d 72, 84 (2001).

¶ 16 Moreover, Rule 67(d) is reasonably calculated to achieve its legitimate purpose and does not suffer from the constitutional defects of the statutes in *Eastin* and *New*. The purpose of the statutes in *Eastin* and *New* was to deter frivolous litigation. *Tahtinen*, 130 Ariz. at 515, 637 P.2d at 725. The bonds at issue in those cases, however, essentially barred some meritorious claims based on the financial status of the litigant. *Id.* In contrast, Rule 67 does not mandate a bond in every civil case and applies only upon a showing that a plaintiff lacks property in the state that can be readily attached to satisfy a costs judgment. The Rule provides security in light of the difficulty of enforcing a judgment for costs against a person who does not own property within the state. *See Alshafie v. Lallande*, 171 Cal.App.4th 421, 89 Cal. Rptr.3d 788, 794 (Ct.App.2009) (analyzing a similar costs bond provision). The amount set under Rule 67 is not pre-determined, but rather is reasonably calculated based on the estimated costs of litigation.

¶ 17 Because Rule 67 rationally furthers a legitimate state interest and, when properly applied, does not unconstitutionally infringe on fundamental rights or create an invidious classification, the Rule does not violate the

Equal Privileges and Immunities Clause of the Arizona Constitution.[4]

**Error in Fixing the Amount of the Bond**

¶ 18 Even though Rule 67 is facially constitutional, it must be applied constitutionally and with sound discretion in each case. *See Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 575–76 (9th Cir.1994) ("In requiring a security bond for defendants' costs, care must be taken not to deprive a plaintiff of access to the federal courts."). We turn now to whether the trial court erred in setting the amount of the bond.

¶ 19 When a defendant is entitled to a bond as security for taxable costs, the court shall order and "fix the amount of the security." Ariz. R. Civ. P. 67(d). Thiele did not initially contest that Rule 67(d) was applicable. Instead, he objected to the requested amount of the bond and asked the court to order the City to provide a litigation cost estimate to justify the amount requested. He further argued that the bond amount was excessive and without a proper basis. We are unable to find in the record any factual basis provided by the City for the trial court's decision to order a bond in the amount of $15,000.

¶ 20 We apply an abuse of discretion standard when reviewing the amount of a bond for costs set by the trial court under Rule 67. *See Union Interchange, Inc. v. Benton*, 100 Ariz. 33, 35–37, 410 P.2d 477, 478–79 (1966) (applying an abuse of discretion standard of review in appeal challenging dismissal under Rule 67 and denial of a motion to set aside dismissal). A trial court abuses its discretion when its conclusion "was reached without consideration of the evidence." *Grant v. Ariz. Public Serv. Co.*, 133 Ariz. 434, 455–56, 652 P.2d 507, 528–29 (1982) (citation omitted).

¶ 21 In fixing the amount of a security, the trial court must consider the estimated taxable costs of the litigation. Ariz. R. Civ. P. 67(d) (security is provided for the estimated *"costs of the action"*) (emphasis added). The trial court may consider only those expenses that qualify as costs under statute. *See Sweis v. Chatwin*, 120 Ariz. 249, 253–54, 585 P.2d 269, 273–74 (App.1978) (holding a trial court erroneously considered attorneys' fees in imposing a $20,000 costs bond). Unless provided for by statute, litigants' expenditures are not recoverable as costs. *Stewart v. Lee–Stewart, Inc.*, 5 Ariz. App. 216, 220, 425 P.2d 118, 122 (1967) (citations omitted). The amount of security for costs under Rule 67 "must bear some reasonable relationship to the probable amount of costs that may ultimately be recoverable." 20 C.J.S. *Costs* § 74 (2012).

¶ 22 Under Arizona law, "costs" is a term of art with specific legal meaning. The items that constitute taxable costs in the superior court are limited in number and are enumerated in A.R.S. § 12–332 (2003). This section allows for the recovery of expenses for officers and witnesses, depositions, referees, certified records or papers, and other expenses resulting from court orders (including mandatory filing fees) or from agreements between the parties. A.R.S. § 12–332(A). A trial court properly sets the amount of a cost bond by considering such factors as the complexity and size of the case, number of parties involved, the likely number of depositions needed, the projected cost of transcripts, and any other factors pertinent to the estimated taxable costs of the defendant. *See Hytken v. Wake*, 68 P.3d 508, 512 (Colo.App.2002); 2 Daniel J. McAuliffe & Shirley J. Wahl, *Arizona Practice: Civil Trial Practice* § 13.14 (2d ed. 2001).

¶ 23 In this case, the City's Rule 67(d) motion did not attempt to estimate the costs of the litigation. Thiele asked the court to order the City to provide a costs estimate, but the court declined. Because the City did not provide an estimate of the anticipated costs or an appropriate explanation for the amount of the bond requested, Thiele was deprived of the opportunity to meaningfully

4. Thiele's constitutional argument on appeal focuses primarily on the Equal Privileges and Immunities Clause of the Arizona Constitution. His appellate brief references the Equal Protection Clause of the United States Constitution but does not develop that argument. Accordingly, Thiele has waived any argument under the U.S. Constitution. *See* ARCAP 13(a)(6); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62, 211 P.3d 1272, 1289 (App.2009).

challenge the requested amount. *See Simulnet,* 37 F.3d at 576 (explaining, under federal law, that the court must consider the reasonableness of the security from the perspective of both the defendant and the plaintiff).

¶ 24 In its request for security, instead of providing a calculation of the anticipated taxable costs, the City described Thiele's previously unsuccessful claim against the City and argued that a bond was necessary to protect it against dilatory tactics Thiele had displayed in the previous suit. Unlike comparable rules in some other jurisdictions, however, Rule 67(d) does not condition entitlement to a cost bond on a showing that the plaintiff is a vexatious litigant. *See, e.g.,* Cal.Code Civ. P. § 391.1 (requiring a party to furnish security on a showing that the party is a vexatious litigant and there is no reasonable probability that he will prevail in the instant litigation). Because the City has not argued that its taxable costs would include any out-of-pocket expenditures other than the ordinary costs allowed under A.R.S. § 12–332, Thiele's previous litigation conduct has limited relevance to the calculation of anticipated costs in this action under Rule 67(d).

¶ 25 Although the trial court did lower the amount of the security from $30,000 to $15,000 after the Rule 67(e) hearing, the record does not reveal that in doing so, the court considered an estimate of the costs of litigation. In accordance with Rule 67(e), the evidentiary hearing presumably focused on Thiele's inability to pay the ordered security instead of the defendant's estimated costs of the suit. The amount of $15,000 appears untethered to any analysis of estimated taxable costs.

¶ 26 The nature of Thiele's action strongly suggests that a $15,000 security may be too high. Thiele's legal claims are based on one alleged assault. There are only three parties involved, and the factual contentions are not overly technical or complex. The basis of the suit does not involve a long timeline of events, nor does it appear to involve extensive documents. If provided the opportunity, Thiele could have argued that these aspects of the case support a security amount much lower than the court imposed. Although the City might be able to justify a $15,000 securi-

ty, the record here does not reveal the appropriate foundation because the amount of the bond must be based on reliable information regarding the taxable costs likely to be incurred by the City. Additionally, we note that A.R.S. § 12–345 (2003) relieves the City of the ordinary burden of costs payable to the court itself. Although this provision does not exempt the City from paying all taxable costs of litigation, *see City of Phoenix v. Kenly,* 21 Ariz.App. 394, 397, 519 P.2d 1159, 1162 (1974), it does reduce the City's estimated liability for costs.

### CONCLUSION

¶ 27 Rule 67 is facially constitutional. We further conclude that the trial court erred in dismissing this action on the basis of nonpayment of a security for costs, the amount of which was set without consideration of information or evidence regarding the City's anticipated taxable costs. We therefore reverse the judgment entered in favor of the City and remand this matter to the trial court for further proceedings including a new determination of any amount to be required in a cost bond.

CONCURRING: DIANE M. JOHNSEN, Acting Presiding Judge and JON W. THOMPSON, Judge.